[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13031
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00248-AT

FREDERICK C. FERMIN,

Plaintiff - Appellant,

versus

GREENSKY, LLC,
CROSS RIVERS OF NEW JERSEY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2018)

Before JORDAN, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Frederick C. Fermin, proceeding *pro se*, appeals the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). On appeal, Fermin argues that the district court erred when it dismissed his complaint and denied his motion for reconsideration. For the reasons that follow, we affirm.

Fermin, a resident of Texas, filed suit against GreenSky LLC, a loan servicer in Georgia, and Cross River Bank, based in New Jersey. The *pro se* complaint alleged that Fermin entered into a loan agreement in Texas to finance the purchase of a solar energy system for his house. The agreement listed Cross River as the lender and GreenSky as the loan servicer. As relevant to this appeal,[1] the complaint further alleged that Cross River violated the Texas Business Organizations Code ("BOC") because it contracted with him despite not being legally permitted to do business in Texas.[2] Fermin sought compensatory and punitive damages, in part based on the Texas Business and Commerce Code

---

[1] Fermin's complaint contained several other claims, but we address only the single claim that he briefed on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that issues not briefed on appeal by a *pro se* litigant are deemed abandoned).

[2] Fermin alleged that Cross River violated the Texas Business Corporation Act, but that Act was replaced by the BOC. The district court liberally construed Fermin's complaint to allege a violation of the BOC, and we do as well.

Although Fermin included only Cross River in this claim in his complaint, he now alleges GreenSky also violated the BOC. Even if Fermin had included GreenSky in his BOC claim, the same reasoning that we apply to his claim against Cross River would apply to GreenSky.

2

("TBCC") § 17.50, which provides for various forms of relief for a consumer who prevails in certain claims against a business.

GreenSky and Cross River moved to dismiss the complaint for failure to state a claim, and the district court granted their motion and dismissed the complaint without prejudice.[3] As to Fermin's BOC claim against Cross River, the district court found that the BOC provided no private right of action, Fermin failed to allege any injury from Cross River's alleged violation, and Fermin failed to allege that Cross River transacted business in Texas such that it would fall under the BOC's ambit.

Rather than moving for leave to amend his complaint, Fermin filed a motion for reconsideration of the dismissal order, arguing that the district court failed to account for his request for damages under the TBCC. The district court denied the motion, reasoning that relief under the TBCC is premised upon a showing of liability, and Fermin's claim that the defendants were liable under the BOC failed for the reasons set forth in the court's dismissal order. Fermin appealed, designating for review both the dismissal order and the order denying his motion for reconsideration.[4]

---

[3] The district court did not expressly grant Fermin leave to amend.

[4] We review dismissals under Rule 12(b)(6) *de novo*, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its

On appeal, Fermin repeats his assertion that his contract with Cross River is void because the company was barred from doing business in Texas.  He contends he can show financial injury—pointing to fees paid to the Texas Secretary of State and costs associated with his district court proceedings and appeal—and other injury associated with the aggravation of his Posttraumatic Stress Disorder.  But even if Fermin could allege injury if permitted to amend,[5] he has failed to address the district court's two alternative reasons for dismissing his claim:  that the BOC provided no private right of action and that his complaint failed to allege any facts regarding Cross River's business dealings in Texas.  His failure to challenge these alternative bases for dismissal is fatal to his appeal.  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect."  *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014).  An appellant who "fails to challenge properly on appeal one of the grounds on which the district court based its judgment . . . is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."

face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  We review a district court's denial of a motion for reconsideration for an abuse of discretion.  *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007).  We construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by lawyers.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

[5] On appeal, Fermin does not argue that he should have been permitted to amend his complaint.

4

*Id.* We therefore affirm the district court's dismissal order and order denying

Fermin's motion for reconsideration.[6]

   **AFFIRMED.**

---

   [6] In his appellate brief, Fermin makes a single reference to the Texas Deceptive Trade Practices Act, which falls under the TBCC. To the extent he is challenging the district court's discussion of his right to damages under the TBCC, Fermin's arguments on appeal again only go to the issue of injury, not to the district court's alternative bases for rejecting his claim for damages. Thus, his argument fails for the same reasons we have stated above.